UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Mark McForbes,            )
Petitioner / Appellant    )
                          )
                          )
    v.                    )   Case No. _____
                          )
                          )
United States of America, )
    Respondant            )
                          )

BRIEF AND MEMORANDUM OF LAW IN SUPPORT OF
PETITIONER'S MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE
PURSUANT TO 28 U.S.C. §2255

  **COMES NOW** Mark McForbes, from here on out to be known as the Petitioner, a Pro Se individual, he respectfully moves and requests this Honorable Court to vacate and correct his imposed sentence as allowed pursuant to Title 28 U.S.C., Section § 2255. Petitioner has and was sentenced to **924(e)** sentence of **180** months as an **ACCA**. This sentence was derived thru and by being found guilty of 18 U.S.C. § 922(g)(1) by a jury of counts 1 and 2 of his indictment. The court under the provisions of the U.S.S.G. §4B1.4 and Title 18 U.S.C. §924(e) using a prior Massachusetts conviction for enhancement. By this act of enhancement the petitioner was given an unlawful / 180 month sentence. **Mathis, clearly shows Petitioner is under unlawful sentence...**

**Pro Se Filing**

  Petitioner is not an attorney and is unskilled in the law and all of the intricate forms and proceedures. For this reason he asks and respectfully requests that the Court construe his motion liberally to encompass any all federal relief he may be due in accordance with

the Supreme Courts Opinion in <u>Haines V. Kerner</u>, 404 U.S. 519, 30 L.Ed. 2d 652, 92 S.Ct. 594 (1972).

<u>Jurisdiction</u>

This Court has jurisdiction in my case pursuant to Title 28, United States Code, Section §2255, which states:

> A prisoner in custody under a sentence of court, established by Act of Congress claiming the right to be released or that correction of sentence is required.:
> (1) the sentence was imposed in violation of the Constitution or laws of the United states, or that,
> (2) the court was without jurisdiction to impose such a sentence, or that,
> (3) the sentence was in excess of the maximum authorized by law, or,
> (4) is otherwise subject to collateral attack,

<u>History of Case</u>

Petitioner was arrested and taken into custody by **ATF Agents** on January 23, 2015. The petitioner remained in custody from that time until date / now. On July 22, 2015, petitioner was found guilty of count (1) and count (2) of his indictment by a jury for being a felon in possession of a firearm and possession of ammunition, in violation of 18 U.S.C. § 922(g)(1). Once the judge had this verdict he-Timothy S. Hillman refered to the PSR in which stated that the petitioner was qualified as an "ACCA" Armed Career Offender level 33 category VI. Judge Hillman proceeded to sentence the petitioner to the 180 month minimum allowed by statue §924(e). The petitioner has filed his direct appeal which was finalized on November 26, 2018. Therefore the Petitioner is well within the exceptable door / time requirements.. **Now filing §2255 Using <u>MATHIS V. UNITED STATES</u>**

<u>The Standard of Review</u>

The Petitioner states that the Circuit Court is required by <u>United States v. Booker</u>, 543 U.S. 222 (2005), to set aside a sentence

that is " unreasonable ". A District Court in reviewing a sentence must first detirmine whether it in itself has committed any type of procedural error, such as improperly calculating the "Guidelines" including determining such a factor as in Petitioner's. See, <u>Gall V. United States, 552 U.S. 38 (2007)</u>. As Gall was in fact remanded back to the District Court by the Circuit Court, the set standard of review remains period whether in Circuit Court or District Court.

## STATEMENT OF THE CASE

The Petitioner Mr. McForbes was found Guilty by jury of felon in possession of a firearm and in possession of ammunition on July 22, 2015 he was enhanced to ACCA Armed career Criminal Act §924(e) and sentenced to 180 months. Petitioner filed his direct appeal on March 18, 2016 which was denied by judgement on November 26, 2018. The Honorable Court of Appeals failed to respond to the petitioner's **Mathis** claim by the means of actually pushing forward such supposed arguments as (word-play) as a **synonym** verse **verb**.. ie: "does not point to any precedent suggesting that the term " **dispenses** " should not be used as a synonym for " distributes" or that the presence of the word in the statue should matter for ACCA purposes. The petitioner was under the distinct impression that the Honorable First Circuit Court of Appeals was more than aware of the defining words of the word "dispenses" by general education and with the printed words in <u>BLACKS LAW</u>, also <u>WEBSTERS</u>, is an action word a **VERB** and **in the detirmination of law as handed down by the Great Courts of The state of Massachusetts.** See <u>United States V. Cabrera-Umanzor</u>, 728 F. 3d 347, 353 (CA42013) And a Statue may itself identify which things must be charged **(and so are elements)** and which need not be **(and so are means).**

As I have stated I am not an attorney at law , so therefore I feel odd at having to do as the Honorable Circuit Judges Torruella, Thompson and Lynch suggested which is to point out exactly why the

Honorable Court should see and understand that "dispenses" is in fact a <u>element</u>, in the Massachusettes statute <u>94C,§32A</u>. See **Commonwealth v. Brown**, 466 Mass. 1007, 1010, 995 N.E. 2d 1091 (2013) : "The terms [d]istribute and [d]ispense defined in G.L.C. 94C§ have distinct meanings only qualify if at all as <u>one</u> or the <u>other</u>, but not both. The commonwealth agreed and proceeded on the theory that the defendant had "dispensed" controlled substances within the meaning of the drug statues. The Judge by delving into this matter of words in a <u>State Statute</u> has answered (why the presence of a word in a State Statute should matter for ACCA purposes. The State Judicial system has made it clear that the word "DISPENSES" is an element therefore Under the Supreme Courts findings and rulings in <u>**MATHIS V. UNITED STATES**</u>, 136 S Ct. 2243, 195 L. Ed. 2d (2016) the importance of this word "dispenses" is of the greatest and ultimately life saving value. As follows:

Petitioner's argument is based on the " Language " in Mathis because the petitioner's prior Massachusetts Drug Conviction 94C, §32A was "indivisible" and it was and is necessary to apply the "Categorical Approach" to determine the activity underlying the Petitioner's previous criminal acts, pursuant to § 924(e) enhancement

The Petitioner brings to this Court a question of law, and presenting the "language" addressed and outlineed in <u>Mathis v. United States</u>, 136 S. Ct. 2243 (2016) and <u>**Descamps v United States**</u>, 133 S. Ct. 2276, 186 L. Ed. 438 (2013), regarding the "broadness" of a statute.

<u>Massachusetts Controlled Substance Law 94C, §32A</u>

Mass. General law 94C, Section 32A Provides that: Any person who knowingly or intentionally manufactures, distributes, <u>dispenses</u> or possesses with intent to manufacture, distribute or <u>dispense</u> a controlled substance in Class B.

When the petitioner was found guilty by jury on July 22, 2015, it the Government alleged that the petitioner had three prior convictions listed below (1)Mass. Gen. Law 94C,§32A : Any person who knowingly or intentionally manufactures, distributes, **dispenses** or possesses with intent to manufacture, distribute or **dispense** a controlled substance in Class B (2) Mass. Gen Law 94C, §32A :"Same Statute" (3) Mass. Gen. Law 94C, §32A ; "Same Statute".. All three convictions were for **CLASS B violations.**

The petitioner states that when a statute list " alternative elements"' rather than " alternative means " of fulfilling the same " element " . In Mathis the United States Supreme Court declared that Burglary in Iowa does not qualify as a predicate violent felony offense under the ACCA because it is "**BROADER**" than the " generic " offense of burglary listed in § 924(e).

The primary focus of the courts decsion in **Mathis** was how to determine whether a statute is "divisible" and therefore whether the modified categorical approach can be used to determine, when a statute defines more than one offense, of which the defendant / petitioner was convicted. **Id** The decision in **Mathis** instructs that there is a difference between alternative elements of an offense and an alternative means of satisfying a single element. Elements must be agreed upon by a jury... **Id.** The **Mathis** decision is controlling in requiring the methodology of how and when to use the modified categorical approach. And the Courts must apply the methodology of application of the (2) approaches Categorical Approach / Modified Categorical Approach. Though this court has held , prior to **Mathis**, that a conviction under Mass. Gen Law 94C, 32A is a "serious drug offense" ( see U.S. v. Moore, 286 F. 3d 47, 49 (1st Cir. 2007), **Mathis** makes absolutely clear that this Court may no longer hold to such circuit standards, given that the Mass. General Law Statute covers a much "**broader**" swath of conduct than 18 U.S.C. § 924(e)(2)(A)(ii) term "serious drug offense".

As the "ACCA" Armed Career Criminal Act has a 15 year / 180 month

minimum sentence, if Petitioner / defendant is found guilty of being a felon in possession of a firearm and ammuniction under 18 U.S.C. § 922(g)(1) , the enhancement under § 924(e) takes petitioner / defendant automatically from the 0 to 120 month bracket to the mandatory minimum 15 years / 180 months to life. This in itself is a substanial increase in amount of time to be served and should be considered a great misscarriage of justice when imposed onto a person in an unlawful manner , **Mathis**, has in fact provided a proper and structured methodology to deal with said cases, so it is a Misscarriage of Justice when The Court attempts to turn a blind eye to the rightful and legal guidance of the United States Supreme Court in the form of **Mathis**, ... The Honorable First Circuit Court of Appeals in its attempt to 100% avoid the absolute direction of the Supreme Court in Petitioner's instant case was shocking to say the very least to the Petitioner.

To determine if a prior conviction is for one of those listed crimes, the Court's apply the **"categorical approach"** -- they are to ask if the elements of the instant offense forming a basis for the conviction sufficiently match the elements of the generic version of the crime. See **Mathis**, at 2243 (citing **Taylor V. U.S.**, 495 U.S. 575, 600, 601 (1990))

Once the Honorable Court actually applies the generic templete it will see that 94C, §32A has a much greater swath / foot print than the generic modle that is the templet.

> "The comparison of elements that the categorical appraoch
> requires is straightforward when a statute sets out a
> single **(or"indivisble")** set of elements to define a single
> crime. The court then lines up that crimes elements along
> side those of the generic offense and sees if they match.
> So for example, this Court found that a california statute
> swept more broadly than the generic burglary because it
> criminalized entering a location (even if lawfully) with
> the intent to steal, and thus encompassed mere shoplifting.

See id, at 591; <u>Descamps v. United Sates</u>, 570 U.S., ___, ___, ___ (2013)(slip op., at 5-6). Accordingly, no conviction under that law could count as an **ACCA** predicate offense, even if the defendant in fact made an illegal entry and so committed burglary in its generic from . See id., at ___, ___, (Clip op., at 22-23)

Id.<u>Mathis</u>, at 2248

Moreover , in <u>United States v. Hudson</u>, 823F.3d.11-,14-15 (1st Cir. 2016), this Court stated the following:

> "**the government does not suggest that the statute of coviction [Mass. Gen. Laws, 94C § 32G] is divisible, see <u>Descamps V. Unites States</u>, 133 S. Ct. 2270, 2281, 2293, (2013) and consequently that there is any need to examine so called <u>SHEPARD</u>, documents. See <u>Shepard v. U.S.</u>, 544 U.S. 13, 26, (2005). Accordingly, Hudson's claim will rise or fall on a categorical inquiry rather than on a modified categorical approach."** <u>Id</u>

See also, Dancy v. U.S., 2013 U.S. Dist. LEXIS 61444 (1st Dist.) (applying the categorical approach to Mass. Gen. Laws, 94C § 32). Hence, there is no dispute that Mass. Gen. Law, 94C § 32 is **"indivisible"** and therefore the categorical approach applies. Consequently, the court cannot examine or look to so called **Shepard** documents. The Court must simply line up the elements of the Massachusetts statute and see if they sufficiently match the elements of a "serious drug offense". If the Massachusetts statute sweeps more broadly than § 924(e)(2)(A)(ii), no conviction can count as an **ACCA** predicate, even if the Appellant in fact manufactured, distributed, or possessed with intent to manufacture or distribute a controlled substance.

Indeed, 18 U.S.C. § 924(e)(2)(A)(ii) provides that the term "serious drug offense", as defined in this section means:

> "An offense under state law, involving manufacturing, distributing, or possession with intent to manfacture or distribute a controlled substance for which a maximum term of imprisonment of ten years or more is prescribed by law."

The Petitioner / Defendant has addressed each of the (2) matters brought forward by the Honorable United States Court of Appeals For the First Circuit, he did so in the following manner. Although the Circuit Courts Judges <u>contention</u> was to cast a shadow of doubt across the Petitioner's factual claim by saying / stating that I the Petitioner had contended that my prior "predicate" for violation of 94C 32(A) of the Mass. Gen. Laws did not qualify as an ACCA enhancement statute SO I have shown clearly by **<u>Mathis,</u> and the current standard of review that those charges do not and will not ever be usable for ACCA enhancement purposes..** I have also shown 100% that the flippant phase they enterjected into my motion that "dispenses" is not a synonym for "distributes" in 94C 32(A) and that the word **"dispense" ie: one word (1) word** is in fact an "element" and carry's a major weight in the state statute. Also Petitioner used the State Judicial systems on rulings to aid in his proof that "dispenses" is an element and therefore indivisible in Mass. Gen Laws 94C § 32(A)

So the Massachusetts State Courts and the Law makers of the the Great State of Massachusetts have voted into and inactted a statute / Law that is "indivisible" and have many "elements", then the States Judicial Branch thru and by its Courts has put into play and enforced said statute / Law as indivisible elements. Why then is the United States Court system having a difficult time in following its own instruction, as in how to determine and define a statute??? 1) Look to the state of origin of statute, and see how they use and impose said statute in the first place. 2) Use the method lain out before us in **<u>Mathis v. United States</u>,136 S. Ct. 2243, June 23 (2016)** At such time either the <u>CATEGORICAL APPROACH</u> or the <u>MODIFIED CATEGORICAL APPROACH</u> must be used to decide if a State statute is in-fact broader than the generic version used in § 924(e) ACCA Armed Career Criminal Act.

Once the generic templet is laid down beside the Mass. gen. Laws 94C 32(A) it will and is seen to be much broader than the generic version of 924(e)(2)(A)(ii). So plainly and clearly the Petitioners's prior conviction under 94C 32(A) can not and will not be used for enhancement purposes.

**GROUND TWO:**

The Petitioner now attempts to broach the issue of (Ineffective Counsel) The Standard of Review is <u>STRICKLAND v. WASHINGTON</u>, 466 U.S. 668-687-89 First when petitioner must demonstrate that counsel's performance was infact defcient, ie, that his attorny failed in some respect to fulfil the role of advocacy envisioned by U.S. constitution VI Second, he must show that he the Petitioner suffered prejudice attributable to counsel's defiency, ie, that counsel's errors were so serious as to deprive the Petitioner / Defendant of a fair trial, whose result is reliable . Reasonable representation of an individual is a must to maintain the judicial integrity of our system of courts We must show that his ie: (Attorney) actions in the handling of petitioner's / defendants have always been with in reason, and must show that his actions would always be seen as reasonable to any other common practictioner of Law (Attorney)

The Petioner would now like to explain that in his Direct Appeal to the Honorable First Circuit Court of Appeals that he made a factual claim about the <u>audio recording from the body wire</u>. The complaint came in the form of seeking a New Trial because the United States Attorneys Office provided an altered and improper CD. During the motions back and forth concerning this matter the U.S. Attorney plainly stated to my legal counsel Mr.Tumposky which was in fact my sentencing phase attorney, that he had changed & altered portions of the electronic recordings. This was after the trial was

over and completed. The jury had already came back with the guilty verdict. So when the courts make the statement that Mr. McForbes could have raised this issue at trial but did not, is in fact in correct, because Mr. McForbes was not made fully aware of the actual improper tampering with the evidence had went on. The United States Government not only with held vital information ie: original eletronic recordings from petioner and his attornys they went as far as to alter the recordings to suit their needs and purposes, the Assistant United States Attorney Mr. Greg A. Friedholm, did in fact state in opposition that he himself had adulterated the provided electronic recordings. But the government had to protect the testimony of their ATF AGENT Mr. Finnerty whom had taken the stand and given false testimony concerning the Petitioner's actions. He gave a step by step version of how the body wire / recording device and all materials gained from said electronic recording device was handled and delt with by himself, which shows that he did not himself tamper with the device or the material that was recorded onto said device. So that all understand what has taken place and why it took place, petitioner is painting the picture and to be honest it would be consider horrid terrible ugly and forbidden , if it was graded by the standards of images seen by public it would be at the very least **X-Rated**. There was only the ATF Agent and the United States Attorney with access to the recording device and the actual recorded materials. Mr. Bell the Petitioner's expert witness on electronic recordings and how they could be tampered with clearly placed the government and its witness in a bad bad light, therefore Mr. A.U.S.A Friedholm, had little choice at the time of sentencing on his plunge

onto the swords blunt blade... This was all to protect the testimony of Mr. Finnerty, the entire case was based and carried over on the ability of his corner stone foundation testimony. After the trial was over and the sentencing phase well under way the Petitioner Mr. McForbes discovered through his attorney that his claims of the recordings not being of good quality and being messed with or something, was in fact true because the United States Government Asst. U.S. Attorney admitted to an act of tampering and manipulating said recordings to suit his and the governments needs. His attorney Mr. Tumposky did inform Mr. McForbes / Petitioner of this action but for whatever reason Mr. Tumposky did not take the high road of integrity and speak out concerning the fraud, tampering, misscarriage of justice, illegal actions of the governments Attorney. Now the Petitioner is in a United States Penitentiary serving a 15-year sentence / 180 months that is unconstutional and illegal period..

    The Petitioner knows that the wire recordings was tampered with everyone even remotly close to this case knows this and yet he is to continue serving an illegal unconstitutional sentence to satisfy a over zealous A.U.S.A and a crooked ATF Agent. The things that he has done and the things he is guilty of are more than enough, and yet the Petitioner Mr. McForbes is expected to swallow this matter as if ALL IS RIGHT AND PROPER. He states for the record it is not alright and proper for the agents and attorneys of our nation to go to such extremes as they have to set an individual up/ frame them. He is absolutely apalled at the tactics our governments representives have invoked to gain a conviction. The Petitioner is now humbly kneeling before the Honorable Bench seeking some form of understanding and if at all posible some real justice in this matter.

## CONCLUSION

As the Petitioner / Defendant has positively shown 100% that his prior sentences under Mass. Gen. Laws and that the evidence ie; audio recordings should not have been a factor in his case he would seek and ask that the Honorable Court please grant him some form of relief under section §2255. His prior convictions 94C 32(A) is not an offense that can be used under 924(e)(2)(A)(ii) ACCA Armed Career Criminal Act, and he has plainly answered the Honorable Judges from The 1st Circuit Court of Appeals (2) questions. 1) was or is the word "dispenses" a synonym for "distributes"? The answer is and has been shown [NO] the word dispenses in 94C 32(A) is an **ELEMENT** of the statute. 2) And the importance of why it matters if a word [d]ispenses is present in the state statute for ACCA purposes, because the word is a "element" and in being such it makes the state statute "broader" than the generic version of 924(e)(2)(A)(ii)

Then we have Ground two of Petitioner's motion, which in truth should have ended the entire issue if anything as the U.S. Government in the form of A.U.S.A Greg A. Friedholm openly stated that he himself is and was the individual that tampered with the electronic recordings by way of changing locations etc etc. This evidence and the testimony of AFT Agent Finnerty concerning the audio recordings gather by body wire is the sole foundation on and of which the government gained its conviction of Petitioner. The breaking of chain of custody and the tampering with evidence is more than enough to have brought about a mis-trial. But the Petitioner did not discover the actual fact of the tampering until after the trial itself was completed and done. But that still

does not excuse the unlawful actions or the obstruction of justice actions perpretrated by the United States Asst. Attorney and the ATF Agent Mr. Finnerty. For all these reasons the Petitioner is now bringing this §2255 motion before the Honorable Court.

### RELIEF SOUGHT

The Petitioner humbly and respectfully asks this Court to to grant his motion for relief under section §2255 setting aside his sentence and correcting it in accordance with a completely new PSR / PSI with the proper and right guidelines applied to his particular case. As the actual guidelines was incorrect as was noted through out the first sentenceing by the court and the U.S. Probation Officer present. He would also ask that all record of this conviction as a ACCA Armed Career Criminal Act Offender be expunged and expelled from all forms of his records to include NCIC, U.S. Marshals Service and AFT records.. petitioner askes that these things and any other items that the court might find in need of changing to be done. petitioner is at the mercy of the court, he begs that you show him that mercy.

s/ _Mark McForbes_
Mark McForbes # 96559-038
U.S.P. Hazelton
P.O. BOX 2000
Bruceton Mills, WV 26525

### CERTIFICATE OF SERVICE

I HEREBY SWEAR, that a true copy of the forgoing instrument has been mailed first class, postage pre-paid on this 26 day of December to the parties listed in this document, and noted below by my hand I have delivered all to the mail room area of United States Penitentiary Hazelton for mailing through the United states Postal Service to the U.S. District Court and U.S. Attorneys Office.